UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                    (973) 645-4693
BANKRUPTCY JUDGE                                     Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**November 26, 2007**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Zelda Haywood, DEPUTY

**NOT FOR PUBLICATION**

November 26, 2007

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Trenk, DiPasquale, Webster, Della Fera & Sodano, P.C.
Shoshana Schiff, Esq.
100 Executive Drive, Suite 100
West Orange, New Jersey 07052-3320
*Counsel for Nicholas J. Delzotti, Chapter 7 Trustee for Victor Mondelli*

Hallock & Cammarota, LLP
Kenneth Rosellini, Esq.
600 Valley Road, Suite 101
Wayne, New Jersey 07470
*Counsel for the Debtor, Victor Mondelli*

Stephen Schnitzer, Esq.
40 West Northfield Road
P.O. Box 691
Livingston, New Jersey 07039-0691
*Counsel for Stephen Schnitzer, Esq.*

Page 2
November 26, 2007

Dear Counsel:

     Before the Court is a motion by Nicholas J. Delzotti, Chapter 7 Trustee for Debtor Victor Mondelli ("Trustee"), to expunge or reduce several claims pursuant to 11 U.S.C. § 502 and Federal Rule of Bankruptcy Procedure 3007. Of all the claims at issue in the motion, Stephen Schnitzer, Esq. was the only creditor to oppose the Trustee's motion. Specifically, the Trustee seeks to expunge Schnitzer's Claim 3 and 12 as duplicative of Claim 15. In addition, the Trustee initially moved to expunge Schnitzer's Claim 15 in the amount of $45,006.20 for failure to respond or to appear at a hearing with respect to Debtor's opposition to Schnitzer's claim.

     The Debtor, Victor Mondelli, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 8, 2004. Thereafter, on October 21, 2004, the Debtor's case was converted to Chapter 7. Subsequently, the Debtor's case was re-converted to Chapter 13 on February 7, 2005. Ultimately, the case was converted once again to Chapter 7 on February 21, 2007. When filing the initial Chapter 13 petition, the Debtor scheduled Schnitzer's claim as an unsecured nonpriority claim in the amount of $6,000.00.

     Throughout the various stages of this case, unsecured creditor Stephen Schnitzer, Esq. filed Proofs of Claim in the amount of $45,006.20 – namely Claim 3 on April 16, 2004, and Claim 12 on March 23, 2005. Prior to the conversion back to Chapter 7, the Court entered an order on August 26, 2005 allowing a $6,000.00 claim and disallowing the remaining amount of Schnitzer's Claim pursuant to Section 502(b)(4) as Schnitzer provided legal services to the Debtor and pursuant to Bankruptcy Rule 3001(c) for failure to supply a contract or written retainer. No appeal of that Order was taken. Thereafter, on April 3, 2007, Schnitzer filed yet another Proof of Claim numbered Claim 15 again in the amount of $45,006.20.

     On May 25, 2007, the Debtor opposed Schnitzer's latest claim reiterating his previous opposition that the Proof of Claim did not comply with Bankruptcy Rule 3001(c) and New Jersey Rule of Professional Conduct 1.5 because a retainer was not annexed in support of the claim. A hearing on this particular claim was scheduled before this Court and Schnitzer failed to appear resulting in the dismissal of the claim. At that time, the Debtor requested the original sum of $6,000.00 scheduled in the Petition remain taking into account the $165.55 already paid and accepted by Schnitzer.

     The instant motion to expunge or reduce several claims was filed by the Trustee and Schnitzer responded on October 10, 2007 arguing that the claim was reduced in the Chapter 13 case and was not paid. Therefore, upon re-conversion to Chapter 7, Schnitzer argues that he regained the right to again file a Proof of Claim. Schnitzer further contends that he did not appear at the hearing because it was served out of time and that, upon an attorney's consultation, he believed the case would be converted back to Chapter 7 and, thus, filing an appeal would be an unnecessary expense.

Page 3
November 26, 2007

On October 29, 2007, Debtor's Counsel replied to Schnitzer's Response reasserting the grounds previously raised against Schnitzer's claim. First, Debtor's Counsel argued that Schnitzer's appeal was dismissed for failure to comply with Bankruptcy Rule 8006 and that Schnitzer is now trying to pursue his claim yet again and to avoid this Court's Order dated August 26, 2005. Second, Debtor's Counsel states that the claim is now time barred as the six year statute of limitations for contract claims has long passed and there is no applicable tolling available to Schnitzer. Third, in addition to the lack of a written retainer, Schnitzer also failed to provide the Debtor with adequate documentation of the legal services performed. Finally, Schnitzer already accepted a portion of the $6,000.00 and did not object to the partial payment.

A proof of claim is deemed allowed unless a party in interest objects to such claim. *See* 11 U.S.C. § 502(a). A properly filed proof of claim constitutes *prima facie* evidence of a claim's validity and amount. *See id.*; FED. R. BANKR. P. 3001(f). An objecting party, in this case the Trustee, has the burden of providing evidence to demonstrate the claim's invalidity and to rebut the *prima facie* case. *See In re Rabzak*, 79 B.R. 960, 963 (Bankr. E.D. Pa. 1987) (citations omitted). However, if the claim is rebutted, the ultimate burden of persuasion remains with the creditor to prove that the claim is valid by a preponderance of the evidence. *See In re Allegheny Int'l,* Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); *id.* (citation omitted).

Rule 3001(c) states when a proof of claim is based upon a writing, then the original or a duplicate must be filed with the proof of claim. FED. R. BANKR. P. 3001(c); *see In re Olympus Healthcare Group, Inc.*, 2004 Bankr. LEXIS 46, at *8 (Bankr. D. Del. January 23, 2004). However, "failure to attach writings to a proof of claim does not require a bankruptcy court to disallow a claim. . . [r]ather, the claim is not entitled to be considered prima facie evidence of the claim's validity." *In re Consol. Pioneer Mortgage,* 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995) (citations omitted). Rule 3001(c) provides a procedural ground for claim disallowance, not a substantive one under Section 502(b) of the Bankruptcy Code. *See In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) (citing *Travelers Cas. & Sur. Co. of. Am. v. Pacific Gas and Elec. Co.*, – U.S. – , 127 S. Ct. 1199, 1205, 167 L. Ed. 2d 178, 186 (2007)). The basis of the claim itself and whether it is dependent upon a writing are matters of substantive law rooted in applicable state law. *See Travelers*, 127 S. Ct. at 1205 ("[T]he basic federal rule in bankruptcy is that state law governs the substance of claims. . . .") (citations and quotations omitted).

Here, the claim has been fixed by the Order of August 26, 2005 in the Chapter 13 case. No reason exists to alter that Order. Morever, the Debtor and Schnitzer's relationship was one where Schnitzer provided the Debtor with legal services for which a retainer agreement existed or should have existed. Schnitzer failed to provide such agreement when filing his proof of claim, therefore, Schnitzer's claim is not *prima facie* valid. Furthermore, Schnitzer failed to appear at the hearing to address the objection to his Proof of Claim. Therefore, Schnitzer has never met his burden as to the full value of his claim. *See In re Jorczak*, 314 B.R. 474, 482 (Bankr. D. Conn., New Haven Div. 2004).

Page 4
November 26, 2007

Thus, in accordance with the Court's Order and the Debtor's Schedules, Schnitzer's unsecured non-priority claim will be fixed in the amount of $6,000.00 pursuant to Section 502(b)(4) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3001(c).

     The Trustee's motion to expunge or reduce claims is hereby granted with respect to the remaining claims addressed in the motion. The Trustee and the Debtor's request for attorneys' fees and costs is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

                                       Very truly yours,

                                       /s/ *Donald H. Steckroth*
                                       _____
                                       DONALD H. STECKROTH
                                       UNITED STATES BANKRUPTCY JUDGE

Enclosure